UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL SCHLAEPFER<br><br>      Plaintiffs,<br><br>vs.<br><br>CITY OF NEW YORK; MATHEW JOHN, Individually and in his official capacity as a Police Officer with the New York Police Department; MAXIMILLIAN ZAPATA (Shield No. 20049), Individually and in his official capacity as a Police Officer with the New York Police Department; PATRICK CHERRY (Shield No. 2002), Individually and in his official capacity as a Police Officer with the New York Police Department; MAVIS GARCIA (Shield No. 9729), Individually and in her official capacity as a Police Officer with the New York Police Department; VICTORIA ACEVEDO (Shield No. 4362), Individually and in her official capacity as a Police Officer with the New York Police Department JOHN DOES 1-10 (fictitious names), are sued Individually and in their official capacity as law enforcement officers with the New York Police Department.<br><br>      Defendants. | Index No. 1:20-cv-03339 (KPF)<br><br><br><br>**SECOND AMENDED<br>COMPLAINT AND JURY<br>DEMAND** |

The Plaintiff residing in Toronto, Ontario, Canada, complaining of the Defendants, say:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has supplemental jurisdiction over the state law causes of action under 28 U.S.C. § 1367(a).

2. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because the events/omissions giving rise to these causes of action all occurred in the Southern District of New York.

## PARTIES

3. Plaintiff was at all material times a resident of Toronto, Ontario, Canada.

4. Defendant, Police Officers Mathew John ("Officer John"), Maximillian Zapata ("Officer Zapata"), Patrick Cherry ("Sgt. Cherry"), Mavis Garcia ("Officer Garcia"), and Victoria Acevedo ("Officer Acevedo") at all times relevant to this complaint, was a duly appointed Police Officer with New York Police Department acting under color of law. Defendant Officers John, Zapata, Cherry, Garcia and Acevedo are being sued individually and in their official capacity as police officers.

5. The City of New York is a municipal corporation and a public employer of Defendant Officers John, Zapata, Cherry and Garcia as well as a number of unidentified defendant police officers who are employed by the City of New York and/or New York Police Department. The New York Police Department ("NYPD"), as referenced herein, is and was, at all times relevant to this matter, an administrative arm of the City of New York entrusted with, among other things, enforcing federal, state and local laws and

ordinances, and otherwise ensuring the safety of people and property within the jurisdictional limits of the City of New York.

6. Defendants, John Does 1-10, are presently unknown police officers, employees, agents and/or representatives of the City of New York and/or NYPD whose unlawful actions are described, referenced and/or set forth herein, but whose identities are yet known at this time.  All are being sued individually and in their official capacities.

## CAUSE OF ACTION

7. On, or about, June 3, 2019, Plaintiff was visiting New York City with his wife, Vanessa, from Toronto, Ontario, Canada.

8. During the evening hours of the same day Plaintiff and his wife went to LAVO Italian Restaurant and Nightclub ("LAVO") located at 39 E 58th Street, New York, NY.

9. While at LAVO two unknown females came to Plaintiff's table and attempted to steal Vanessa's purse.

10. Security was notified and the two unknown females were escorted from the premises.

11. Video surveillance from LAVO's exterior cameras shows these two unknown females lingering outside LAVO.

12. While lingering outside the two unknown females and are seen conversing with the uniformed members of the NYPD who were stationed outside LAVO.

13. Thereafter Plaintiff and his wife exited LAVO.

14. As Plaintiff and his wife exited LAVO the two unknown females immediately, and while still in the presence of the uniformed members of the NYPD whom they were

socializing with, ambushed Plaintiff and his wife by approaching them in an aggressive confrontational manner.

15. This aggressive confrontational ambush resulted in Plaintiff's wife being attacked and a minor physical altercation between Vanessa and one of the unknown females.

16. Despite the uniformed NYPD officers, which included Sgt. Cherry and Officers John, Zapata witnessing Plaintiff and his wife being victimized by the two unknown females, they failed to intervene.

17. Instead, and in total contravention of the law and their sworn duties and common sense, turned their ire on Plaintiff and his wife.

18. While Plaintiff's wife was being arrested and pushed Plaintiff told the officers that they should not be pushing his wife, a female, in response to Plaintiff's request, and without justification cause or reason, Officers Cherry, Zapata and a presently unknown officer stormed at Plaintiff driving him a large distance and directly into a concrete wall causing him pain.

19. As Plaintiff was being unjustly driven into the wall Officer Mavis and/or Officer Acevedo joined Officers Cherry and Zapata in accosting Plaintiff.

20. Officers Cherry, Zapata, Mavis and Acevedo then proceeded to unlawfully arrest Plaintiff for no lawful reason.

21. To justify Plaintiff's arrest Officer John issued a criminal complaint which charged Plaintiff with Obstruction in violation of PL 195.05.

22. In support of this charge Officer John swore that Plaintiff committed the offense of Obstruction by shoving him multiple times while he was effectuating his wife's arrest.

23. Officer John's sworn complaint is unequivocally false.

24. Plaintiff never shoved Officer John, or any officer for that matter.

25. Rather, Plaintiff was the one who physically attacked by members of the NYPD for no lawful reason.

26. Fortunately, LAVO's video surveillance, as well as the officer's body cam footage, captured the entire incident which unequivocally demonstrated the falsehood in Officer John's falsely sworn complaint and the wholly inappropriate actions of Officers Cherry, Zapata Mavis and Acevedo and the currently unidentified officer who was wearing a black t-shirt with what appears to be the punisher logo on the back.

27. After reviewing the video evidence, the Manhattan District Attorney's Office moved to dismiss the false charge against Plaintiff forthwith.

28. Plaintiff filed a timely notice of claim and has met all the requirements to assert his State law claims.

## **FIRST COUNT**

### **Excessive Force**

29. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30. During the course of the arrest and detention of Plaintiff, Defendants intentionally and/or recklessly used unreasonable and/or excessive force on Plaintiff, thereby depriving him of his right to be free from the use of unreasonable force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

31. Under the totality of the circumstances the Defendants' actions were not objectively reasonable, given that Defendants seized Plaintiff by gang rushing him and throwing him into a wall without justification or cause.

32. Under the totality of the circumstances the Defendants' actions were not objectively reasonable.

33. The conduct of the Defendants occurred while they were acting under color of law and in their official capacities as members of the NYPD.

34. All the actions and/or omissions described above were undertaken in a willful and malicious manner with an immoral purpose to injure and/or cause harm to the Plaintiff. Defendants are, therefore, liable to Plaintiff for punitive and compensatory damages.

35. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered damage to his reputation, physical and mental anguish and injury and monetary loss and damage all to his great detriment.

## SECOND COUNT

### Illegal Search and Seizure

36. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37. Defendants, without any warrant or justification, wholly lacking in any cause whatsoever, probable or otherwise, illegally and improperly searched and seized Plaintiffs' person.

38. Defendants had no legal basis to search and seize Plaintiff and did so maliciously.

39. These actions were undertaken in violation of the Fourth Amendment's proscription of unreasonable searches and seizures.

40. The acts and/or omissions described herein were undertaken and conducted in a willful and malicious manner, with an immoral purpose to injure the person, reputation, standing and integrity of Plaintiff. Defendants are, therefore, liable to Plaintiffs for punitive damages.

41. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered damage to his reputation, physical injuries, mental anguish and injury and monetary loss and damage all to their great detriment.

### THIRD COUNT

### Malicious Prosecution

42. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43. As a result of the false charges filed against Plaintiff, he was compelled to retain the services of an attorney(s) to represent and defend him.

44. There was no reasonable basis or probable cause for the charges filed and/or prosecution of Plaintiff by Defendants and Defendants knew or should have known this to be the case.

45. The criminal action against Plaintiff was initiated by the Defendants, was actuated by malice, was wholly lacking in probable cause, and the proceeding terminated

favorably to the plaintiff given that the matter was dismissed in its entirety on motion of the People.

46. The unlawful actions taken by the Defendants in initiating a prosecution against the Plaintiff without warrant, justification, and lacking in cause, probable or otherwise, deprived Plaintiff of due process, liberty, and property in contravention of the Fourteenth Amendment of the U.S. Constitution.

47. As a direct and proximate result of Defendants' acts and/or omissions and their willful, intentional, false, malicious, or grossly negligent actions, Plaintiff suffered severe damage to his reputation and standing in the community, has suffered severe physical and emotional injury and harm and was forced to undergo the strain, tumult and cost of defending himself against false charges

## FOURTH COUNT
### False Arrest & False Imprisonment

48. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49. At all relevant times, all individual defendants, known and presently unknown, were the agents, servants and/or employees of the Defendants City of New York and/or NYPD and were, at all times, acting in their official capacity as law enforcement officers.

50. Plaintiff was detained, arrested and/or imprisoned despite a lack of probable cause and/or other satisfactory legal justification or support.

51. Defendants intentionally, wrongfully, unlawfully, maliciously and without lawful justification or cause, probable or otherwise, arrested, detained, confined and/or caused the confinement of Plaintiff.

52. By reason and/or as a result of the Defendants' acts and/or omissions, Plaintiff was deprived of his liberty, caused physical and emotional injury, anguish, and embarrassment, and was otherwise injured and/or harmed.

## FIFTH COUNT

### Assault and Battery

53. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54. Defendants intentionally and unlawfully touched Plaintiff without permission and/or legitimate justification or cause on multiple occasions.

55. Defendants engaged in unlawful and unprivileged physical contact with the Plaintiff.

56. Defendants' aggressive and unlawful conduct placed Plaintiff in fear and apprehension for his safety.

57. Plaintiff suffered injury, harm, damage and loss as a result of said improper contact.

58. Said contact was made with malicious wanton disregard for Plaintiff's rights and sensitivities and with an intent or foreseeability of harmful consequence.

## SIXTH COUNT

### Failure to Intervene

59. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60. Each of the Defendant officers knowingly engaged in the use of excessive force and subjected Plaintiff to an unlawful search and seizure and wholly false charges in stark violation of his Constitutional rights.

61. While each Defendant officer was engaged in such illicit conduct the others failed to intervene to prevent such violations.

62. Each of the Defendants had an opportunity to intervene and stop the illicit conduct and choice not.

63. By way of example, the Defendants should have first intervened when Plaintiff was attacked by members of the NYPD; the Defendants again should have intervened when Plaintiff was falsely arrested; and the Defendants again should have intervened when Officer John knowingly swore out a false complaint.

64. Rather than intervene as the law mandates they do, the Defendant officers did nothing and allowed their illegal conduct to be shielded by Officer John's false charges.

## SEVENTH COUNT

### Municipal Liability

65. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

66. At all relevant times, Defendants, City of New York and/or NYPD, employed the individual defendants and the individual defendants were acting as agents, servants and/or employees of same.

67. These entities failed to use reasonable care in the selection of its employees, against and/or servants, failed to properly train and/or supervise the individual defendants, and failed to provide the appropriate safeguards to prevent the unlawful use of force, assault, battery, search and seizure, and collective violation of the Plaintiff's rights.

68. These entities acted under color of law pursuant to an official policy or custom and practice and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual defendants from unlawfully and maliciously conducting, permitting or allowing unconstitutional activity upon Plaintiffs in violation of the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and/or New York.

69. These entities had knowledge of or had it diligently and reasonably exercised its duties to instruct, supervise, control and discipline its employees, agents and/or servants, would have had knowledge of the wrongful acts and/or omissions identified above and intentionally, knowingly or with deliberate indifference to Plaintiffs' rights, failed or refused to prevent their commission and/or omission.

70. Indeed, the Defendant municipality failed to properly supervise its officers so as to prevent such a blatant violation of Plaintiff's well-established rights.

## EIGHTH COUNT

### Respondent Superior
### (As to Common Law Claims Only)

71. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

72. Where applicable under the relevant case law and as to be determined, certain of the aforementioned acts and/or omissions of the employees of the City of New York may result in liability under the doctrine of Respondent Superior.

73. As a result, the Municipality bears responsibility for the acts and/or omissions of its employees and agents where properly cognizable under the relevant laws and statutes.

## NINTH COUNT

### Negligence

74. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

75. Defendants, as sworn members of law enforcement, had a duty to protect Plaintiff from the injury and Constitutional violations which he suffered.

76. Defendants breached their duty by negligently using force upon Plaintiff, proximately causing him physical and emotional harm.

77. Defendants' actions, as more fully described herein, were per se negligent.

78. Defendants' failure to perform that duty is the proximate cause of Plaintiff's injury and damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants, jointly and severally, for:

(a) any and all damages sustained by the Plaintiffs arising from the foregoing wrongful and unlawful acts of the Defendants;

(b) punitive damages to the extent permitted by law against the individual named and presently unknown individual defendants;

(c) interest, both pre-judgment and post-judgment;

(d) attorney's fees;

(e) costs;

(f) injunctive relief, including but not limited to:

    (i) An order from this Court enjoining the NYPD from continuing its pattern and practice of violating citizens' civil rights;

    (ii) placement of the NYPD in receivership for the purpose of instituting programs to train, instruct, discipline, control, and supervise their officers.

(g) and all such other relief as this court may deem appropriate, equitable, and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

DATED: April 30, 2021

Respectfully submitted,

| | |
|---|---|
| Joel S. Silberman, Esq., LLC | The Aboushi Law Firm PLLC |
| BY: *s/ Joel Silberman* | By: *s/ Aymen Aboushi* |
| Joel Silberman, Esq. | Aymen A. Aboushi, Esq. |
| 549 Summit Avenue | 1441 Broadway, 5th Floor |
| Jersey City, NJ 07306 | New York, NY 10018 |
| Tel. (201) 420-1913 | Tel. (212) 391-8500 |
| Fax (201) 420-1914 | Fax (212) 391-8508 |
| Email: joel@joelsilbermanlaw.com | Email: Aymen@aboushi.com |